```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
RICHARD BARGE,                     :
                                   :
        Petitioner,                :    Civ. No. 18-12033 (NLH)
                                   :
   v.                              :    OPINION
                                   :
THE ATTORNEY GENERAL OF THE STATE  :
OF NEW JERSEY, et al.,             :
                                   :
        Respondents.               :
_____:

APPEARANCE:
Richard Barge, No. 655266/165368D
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625
     Petitioner Pro Se

HILLMAN, District Judge

    Petitioner Richard Barge, a prisoner presently confined at New Jersey State Prison in Trenton, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2010 New Jersey state court conviction.  ECF No. 1.

    At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases to determine if the Petition should be dismissed because Petitioner is not entitled to relief.  For the reasons expressed below and because the Petition as drafted shows that the claims

are time-barred, the Court will dismiss the Petition as untimely and deny a certificate of appealability.

**I. BACKGROUND**

In 2010, Petitioner was convicted and sentenced in New Jersey state court of murder and related firearms offenses. See ECF No. 1, Pet. at 3. Petitioner filed a timely direct appeal, which became final on December 30, 2013, ninety (90) days after the New Jersey Supreme Court denied his petition for certification on October 1, 2013. See id. at 14.

On March 14, 2014, Petitioner filed a state court PCR petition. Id. at 14. The PCR petition was denied on May 8, 2015. Id. Petitioner's time for filing a timely appeal to the Appellate Division of the New Jersey Superior Court expired on June 22, 2015, forty-five days after the entry of the order denying the PRC Petition.[1] More than three months after the expiration of the time for filing an appeal, Petitioner filed the appeal of his PCR denial on September 24, 2015. ECF No. 1 at 14. The Appellate Division affirmed the denial of the PCR petition on July 31, 2017. Id. Petitioner next filed a timely petition for certification with the Supreme Court of New Jersey on August 1, 2017, which was denied on October 23, 2017. Id.

---

[1] N.J. Ct. R. 2:4(a) (providing forty-five days in which to file a notice of appeal to the Appellate Division).

Petitioner effectively filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 25, 2018, the date on which he placed the Petition into the prison's mailing system, although it was not electronically filed until July 26, 2018. See id. at 28. Petitioner's sole ground for relief in the Petition is that he "was denied the right to a fair trial when the court allowed state's witness Steven Goldsboro to identify the defendant as the shooter despite the impermissible suggestiveness of a prior photo identification lineup and the irreparable probability of misidentification." Id. at 7.

**II. STANDARD OF REVIEW**

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires the Court to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4. Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally

3

insufficient on its face." McFarland, 512 U.S. at 856. Dismissal without the filing of an answer or the production of the state court record is warranted when "it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985). See also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III. DISCUSSION

The governing statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is found at 28 U.S.C. § 2244(d), which provides in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

28 U.S.C. § 2244(d).  See also Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."  The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the Supreme Court of the United States.  See Gonzalez v. Thaler, 132 S. Ct. 641, 653–54 (2012).

Here, the New Jersey Supreme Court denied Petitioner's petition for certification on direct appeal on October 1, 2013.  He did not file a petition for writ of certiorari in the Supreme Court of the United States, so his conviction became final ninety days later, i.e. on December 30, 2013.  Petitioner, did not file his PCR petition until March 14, 2014, so the federal habeas statute of limitations began to run on December 31, 2013.  See 28 U.S.C. § 2244(d)(2).  Thus, seventy-three (73) days of his federal habeas limitations period elapsed until he filed his PCR petition.

Petitioner's PCR petition was denied on May 8, 2015, and his time to file an appeal expired on June 22, 2015.  The

5

limitations period thus started to run again on June 23, 2015, which is the day after the time for filing an appeal of his denied PCR petition expired. N.J. Ct. R. 2:4-1(a) (providing for 45 days for appeal). See Douglas v. Horn, 359 F.3d 257, 263 (3d Cir. 2004) (rejecting notion that by "filing a nunc pro tunc petition for leave to appeal a petitioner could obtain further tolling after the time for even discretionary review of a judgment has expired"); Swartz v. Meyers, 204 F.3d 417, 424, n.6 (3d Cir. 2000) ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation."); see also Alvarenga v. Lagana, No. 13-4604, 2016 WL 3610156, at *1 (D.N.J. July 1, 2016) ("When an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of time to appeal and when the appeal was actually filed."), aff'd sub nom Alvarenga v. Admin N. State Prison, No. 16-3538 (3d Cir. Dec. 14, 2016)(denying certificate of appealability); Smith v. Holmes, No. 13-1876, 2016 WL 1464649, at *1 (D.N.J. Apr. 14, 2016) ("when an untimely appeal is filed—even if the appeal is accepted as properly filed by the state appeals court—statutory tolling does not include the period between expiration of the time to appeal and when the appeal was actually filed"); Martin v. D'Ilio, No. 15-7158, 2017 WL

1003246, at *2 (D.N.J. Mar. 15, 2017) (same). Ninety-three (93) more days of his limitations period elapsed from the expiration of his time to file an appeal until he actually filed his PCR appeal on September 24, 2015.

The statute of limitations was tolled during the pendency of the PCR appeal and the timely filed petition for certification to the New Jersey Supreme Court but started to run again the day after the New Jersey Supreme Court denied review on October 23, 2017. At this point, 199 days (365 – (73 + 93) = 199) remained on the federal habeas statute of limitations, which expired on or about May 10, 2018. Thus, Petitioner had until May 10, 2018, to file the instant petition but did not do so until July 25, 2018. Accordingly, the Petition is time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period.

In Holland v. Florida, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649–50 (2010). See Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (quoting Pace v.

7

DiGuglielmo, 544 U.S. 408, 418 (2005)). See also Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. Holland, 560 U.S. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted). See also Alicia v. Karestes, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. See Ross, 712 F.3d at 799; Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

The court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance

meriting equitable tolling. Holland, 560 U.S. at 651 (citations omitted). See also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava, 398 F.3d at 275-276. See also Holland, 560 U.S. at 648-49 (relying on Pace, 544 U.S. at 418); Jenkins, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

Extraordinary circumstances have been found only where (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Nevertheless, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of

causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In his Petition, under the section entitled "TIMELINESS OF PETITION," Petitioner provides a recitation of the applicable dates of filings and denials and summarily asserts that the "petition for habeas corpus is timely filed." ECF No. 1 at 14. He does not address any equitable tolling arguments. In this case, nothing in Petitioner's submissions suggests that he was prevented from asserting his claims by extraordinary circumstances or that he exercised reasonable diligence in pursuing his rights. Equitable tolling of the statute of limitations does not appear to be warranted and because nothing indicates that the interests of justice would be better served by addressing the merits of the Petition, see Day v McDonough, 547 U.S. 198, 210 (2006), this Court will summarily dismiss the Petition as time-barred.

The Court, however, cannot rule out the possibility that Petitioner might have valid grounds for statutory and/or equitable tolling of the Petition. See id. (before acting on timeliness of petition, court must accord Petitioner fair notice and an opportunity to present his position). The Court will

accordingly grant Petitioner sixty (60) days to file a written statement which sets forth detailed tolling arguments or otherwise presents an argument that the Petition is not untimely.

**IV. Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citation omitted), cited in United States v. Williams, 536 F. App'x 169, 171 (3d Cir. 2013).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000), cited in Kaplan v. United States, No. 13-2554, 2013 WL 3863923, *3 (D.N.J. July 24, 2013).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. No certificate of appealability shall issue.

**V. Conclusion**

For the reasons set forth above, this Court finds that the § 2254 habeas petition should be dismissed as untimely filed under 28 U.S.C. § 2244(d), and a certificate of appealability will not issue accordingly. The Petitioner may file a motion to re-open this case for consideration of statutory or equitable tolling issues within sixty (60) days from the entry of this Opinion and accompanying Order.

An appropriate Order follows.

s/ Noel L. Hillman  
NOEL L. HILLMAN  
United States District Judge

Dated: November 5, 2018  
At Camden, New Jersey