```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
RICHARD BARGE,                      :
                                    :
          Petitioner,               :   Civ. No. 18-12033 (NLH)
                                    :
     v.                             :   OPINION
                                    :
ADMINISTRATOR OF NEW JERSEY         :
STATE PRISON, et al.,               :
                                    :
          Respondents.              :
_____ :
```

APPEARANCES:

Richard Barge
655266/SBI-165368D
New Jersey State Prison
Po Box 861
Trenton, NJ 08625

    Petitioner Pro se

HILLMAN, District Judge

    Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2010 New Jersey state court conviction. ECF No. 1. The Court conducted its review under Habeas Rule 4 and concluded the petition appeared to be untimely under 28 U.S.C. § 2244(d)(1). ECF No. 6. It dismissed the petition as untimely but granted Petitioner an opportunity to file arguments in support of equitable tolling. Id. The Court reopened the matter upon receipt of Petitioner's arguments. ECF No. 10.

Petitioner subsequently filed a motion to stay the § 2254 proceedings in order to pursue further relief in the state courts based on alleged newly discovered evidence. ECF No. 11. For the reasons that follow, the Court will deny Petitioner's request for equitable tolling and dismiss the petition with prejudice. The motion to stay will be dismissed as moot.

I.  BACKGROUND

Petitioner filed this § 2254 petition on July 26, 2018. ECF No. 1. The petition raised one ground for relief: that Petitioner "was denied the right to a fair trial when the court allowed state's witness Steven Goldsboro to identify the defendant as the shooter despite the impermissible suggestiveness of a prior photo identification lineup and the irreparable probability of misidentification." Id. at 7.

II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254 permits a federal court to entertain a petition for writ of habeas corpus on behalf of a person in state custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus under § 2254. See 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).[1]

A Court may stay federal habeas proceedings under certain circumstances. "[S]tay and abeyance is only appropriate when

---

[1] Petitioner's conviction became final after AEDPA's April 24, 1996 effective date; therefore, he is subject to its one-year statute of limitations.

3

the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 544 U.S. 269, 277 (2005). "[E]ven if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

III. ANALYSIS

A. Timeliness

This Court dismissed Petitioner's habeas petition as untimely on November 5, 2018. ECF No. 6. Petitioner submitted arguments in favor of equitable tolling, ECF No. 9, which the Court must address before turning to the motion to stay.

The New Jersey Supreme Court denied Petitioner's petition for certification on October 3, 2013. State v. Barge, 75 A.3d 1161 (N.J. 2013) (Table).[2] He then had 90 days, until January 2, 2014,[3] to request review from the United States Supreme Court. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (holding that if prisoners do not seek Supreme Court review, "judgment becomes

---

[2] The Court's prior opinion inadvertently misstated the filing date of the New Jersey Supreme Court's order as October 1, 2013 instead of October 3, 2013. Although this has no effect on the ultimate timeliness of the petition, the Court recalculates the tolling periods for accuracy's sake.

[3] January 1, 2014 was a legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

4

final . . . when the time for pursuing direct review in this Court, or in state court, expires"). AEDPA's one-year clock began to run on January 3, 2014.

Petitioner filed a state court PCR petition on March 14, 2014. "[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations. 28 U.S.C. § 2244(d)(2). Seventy days ran between January 3, 2014 and March 13, 2014,[4] leaving 295 days in Petitioner's AEDPA period.[5]

Petitioner's PCR petition was denied on May 8, 2015. ECF No. 1 at 2. New Jersey court rules provide for a 45-day period to appeal to the Appellate Division, which in Petitioner's case expired on June 22, 2015. N.J. Ct. R. 2:4-1(a). Petitioner did not file an appeal until September 24, 2015. ECF No. 1 at 14. Under normal circumstances, this time would count against Petitioner's AEDPA period. See Martin v. Adm'r New Jersey State Prison, 23 F.4th 261, 270 (3d Cir. 2022) ("'Timely' does not encapsulate a belated appeal that was ultimately accepted through the application of a tolling mechanism or exception to

---

[4] The Court excludes the day the state courts filed Petitioner's PCR petition. See Martin v. Adm'r New Jersey State Prison, 23 F.4th 261, 268 n.5 (3d Cir. 2022).

[5] 365 − 70 = 295.

5

the state law governing the period in which a petitioner may file an appeal."). Petitioner argues he should be granted equitable tolling for this time because "the State's Public Defender Office failed to timely file the Notice of Appeal after the denial of Petitioner's first State Post conviction Relief petition." ECF No. 9 at 5.

In support of his claim, Petitioner includes a letter from his PCR counsel dated May 22, 2015. ECF No. 9-8 at 8. The letter states in part: "I have enclosed a copy of the Appellate Transmittal form, evidencing timely notification that you are requesting appeal of your PCR." Id. The "Transmittal of Adult Appeal for Post-Conviction Relief Petition" is dated May 11, 2015. Id. at 9. In a letter dated December 9, 2015, an attorney identifying himself as the counsel designated by the Public Defender's Office to represent Petitioner on his PCR appeal wrote to Petitioner. Id. at 11. The letter requested that Petitioner contact counsel as soon as possible "[b]ecause of the time constraints imposed by the Appellate Division regarding the filing of [the] brief." Id.

A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Fla., 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). See

6

also Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013). To satisfy the diligence prong of the equitable tolling analysis, "a petitioner must demonstrate that he has been pursuing his rights with 'reasonable diligence in the circumstances.'" Martin, 23 F.4th at 273 (quoting Wilson v. Beard, 426 F.3d 653, 660 (3d Cir. 2005)). "This 'reasonable diligence' requirement applies not only to a petitioner's filing for federal habeas relief, but it also extends to the steps that the petitioner takes to exhaust available state court remedies." Id. The Court concludes that Petitioner has not shown that he was reasonably diligent under the circumstances.

The Court accepts that Petitioner requested an appeal of the PCR court's decision from his counsel within the 45-day New Jersey appeal period. ECF No. 9-8 at 8-9. The Court also accepts that the Public Defender's Office did not designate an attorney to handle the appeal until December 9, 2015. Id. at 11. However, the notice of appeal was filed as of September 24, 2015, so the lack of a formal designation by the Public Defender's Office cannot fully explain the delay.

"A petitioner need not have acted with maximum feasible diligence, but he also cannot have been sleeping on his rights." Martin, 23 F.4th at 273 (internal quotation marks and citations omitted). Petitioner provides no information as to what was happening between his May 11, 2015 request and the September 24,

7

2015 filing. For example, did he contact the Public Defender's Office to find out if the appeal had been filed? If so, when, and how often? Did the Public Defender's Office have any other communication with Petitioner regarding his appeal? Nothing in Petitioner's submissions suggest he made any attempt over the roughly four months "to confirm with his then-counsel, the Office of the Public Defender, the court, or any other entity that an appeal had been filed." Id. at 274. "What constitutes 'reasonable diligence' may differ when a petitioner's counsel promises that an appeal will be filed versus when a petitioner's counsel promises that an appeal has been filed." Id. (emphasis in original). Here, the May 22, 2015 letter only stated that an appeal would be filed. ECF No. 9-8 at 5. In the absence of more information about Petitioner's actions during the relevant time, the Court cannot conclude that Petitioner exercised reasonable diligence under the circumstances.

Although the failure to show reasonable diligence precludes the application of equitable tolling, the Court further concludes that Petitioner has not shown extraordinary circumstances prevented him from filing a timely PCR appeal. Petitioner provides no information other than "the State's Public Defender Office failed to timely file the Notice of Appeal," ECF No. 9-8 at 5, but "[g]enerally, in a non-capital case . . . attorney error is not a sufficient basis for

8

equitable tolling of the AEDPA's one-year period of limitation." Schlueter v. Varner, 384 F.3d 69, 76 (3d Cir. 2004). A "garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." Holland v. Fla., 560 U.S. 631, 651–52 (2010) (internal quotation marks omitted). Petitioner has not presented the Court with any evidence that there was anything other than ordinary delays and circumstances involved. He does not allege, for example, attorney malfeasance by an affirmative misrepresentation that an appeal had been filed. He has not met his burden of showing extraordinary circumstances.

The Court concludes Petitioner is not entitled to equitable tolling after June 22, 2015, the last day Petitioner could have filed a timely appeal, and when his appeal was actually filed on September 24, 2015. Martin, 23 F.4th 261. These 93 days count towards the one year, leaving 202 days in Petitioner's AEDPA period.[6]

The Appellate Division denied Petitioner's PCR appeal on July 31, 2017, and the New Jersey Supreme Court denied certification on October 26, 2017. State v. Barge, 175 A.3d 153 (N.J. 2017) (Table). Section 2244(d)(2)'s tolling provision

---

[6] 365 - (70 + 93) = 202.

9

does not apply to Supreme Court review of postconviction proceedings.  Lawrence v. Fla., 549 U.S. 327, 332 (2007) ("The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.").  Petitioner's AEDPA period started to run again on October 27, 2017, expiring 202 days later on May 16, 2018.  Petitioner did not submit his § 2254 petition until July 26, 2018, two months past the expiration of his AEDPA time limit.

After consideration of Petitioner's submitted materials and arguments in favor of equitable tolling, the Court concludes he has not shown that he was reasonably diligent in pursuing an appeal of his PCR dismissal.  He also has not shown that extraordinary circumstances prevented him from filing on time.  Accordingly, the Court will dismiss the § 2254 petition as untimely under § 2244(d)(1).

B. Motion to Stay

The motion to stay is moot as the petition will be dismissed as untimely, but the Court notes the motion to stay lacks merit in any event.  A "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  Rhines v. Weber, 544 U.S. 269, 277 (2005).

Petitioner requests a stay as he wishes to submit a new PCR petition claiming actual innocence based on allegedly newly discovered evidence, stating "[d]uring the course of a Post Conviction Relief investigation multiple witnesses provided affidavits that substantiates petitioner's claim of Actual Innocence. (See attached)."  ECF No. 11 at 6.  "These affidavits were not submitted to the State Court for exhaust [sic]."  Id.

 Petitioner did not submit any affidavits with the motion, but Petitioner has not presented good cause for his failure to exhaust this claim in the state courts.  He mentions that the evidence was discovered during the PCR proceedings, which would have given him time to submit the evidence and claim to the state courts.  Therefore, the motion to stay would be denied on its merits even if the petition were timely.

IV.  CERTIFICATE OF APPEALABILITY

 AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court held in Slack v. McDaniel that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason

11

would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000).

This Court will deny a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

V. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's request for the application of equitable tolling and dismiss the petition with prejudice. 28 U.S.C. § 2244(d)(1). The motion to stay will be dismissed as moot.

An appropriate order will be entered.

Dated: March 14, 2022              s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.